Mr. Michael J. Wasserman Arkansas Hotels and Entertainment, Inc. 391 CR 214 Gainesville, Texas 76240
Dear Mr. Wasserman:
You have requested certification, pursuant to A.C.A. § 7-9-107, of the popular name and ballot title for a proposed amendment to the Arkansas Constitution. You have submitted five previous popular names and ballot titles for similar measures, four of which I rejected in Ops. Att'y Gen. Nos. 2009-010, 2006-053, 2006-037 and 2006-009, due to unresolved ambiguities in the text of each measure. This Office certified one of your submissions on March 17, 2006, as evidenced by Op. Att'y Gen.2006-046. You have since elected to make changes to your measure and have submitted a revised popular name and ballot title for my certification. I am issuing this opinion solely to consider certifying a ballot title and popular name for the text of your measure. Given that this office has no authority to consider the merits of any measure, neither certification nor rejection of your proposed popular name and ballot title reflects my view regarding the substance of your proposal.
Your proposed popular name and ballot title are as follows:
 Popular Name AN AMENDMENT TO ALLOW ARKANSAS HOTELS AND ENTERTAINMENT, INC. TO OWN AND OPERATE SEVEN CASINO GAMING ESTABLISHMENTS ONE EACH IN SEBASTIAN, PULASKI, GARLAND, MILLER, CRITTENDEN, BOONE, AND JEFFERSON COUNTIES *Page 2 Ballot Title
AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO:
 1) AUTHORIZE SEVEN CASINO GAMING ESTABLISHMENTS, TO BE OWNED AND OPERATED BY "ARKANSAS HOTELS AND ENTERTAINMENT, INC." (A PRIVATE FOR-PROFIT CORPORATION), ONE EACH TO BE LOCATED IN SEBASTIAN, PULASKI, GARLAND, MILLER, CRITTENDEN, BOONE AND JEFFERSON COUNTIES;
 2) PROHIBITING THE GENERAL ASSEMBLY AND ANY POLITICAL SUBDIVISION OF THE STATE FROM ENACTING ANY LEGISLATION, RULES OR REGULATIONS REGARDING CASINO GAMING;
 3) PROHIBITING CASINO GAMING AT ANY OTHER THAN THE LOCATIONS OPERATED BY ARKANSAS HOTELS AND ENTERTAINMENT, INC.;
 4) PROHIBITING PERSONS UNDER THE AGE OF 21 FROM PARTICIPATING IN CASINO GAMING;
 5) REQUIRING THAT THE GROSS GAMING REVENUE (AS DEFINED) OF A CASINO SHALL BE SUBJECT TO THE GROSS RECEIPTS TAX LEVIED BY THE TAXING JURISDICTIONS WHERE A CASINO IS LOCATED AT THE SAME RATE AS FOR BUSINESSES GENERALLY, AND THE TAX IS TO BE PAID TO THE STATE'S GENERAL REVENUE FUND ACCOUNT OF THE STATE APPORTIONMENT FUND. THE GENERAL ASSEMBLY IS DIRECTOR TO APPORTION THESE TAX REVENUES IN AN ATTEMPT TO REDUCE OR ELIMINATE THE STATE'S GROSS RECEIPTS TAX ON FOOD PURCHASED IN A RETAIL FOOD STORE;
 6) PROHIBITING ANY OTHER STATE OR LOCAL TAXES, FEES OR ASSESSMENTS ON THE FURNITURE, FIXTURES, EQUIPMENT, PROPERTY, BUSINESS OPERATIONS, GROSS REVENUES, GROSS GAMING REVENUES, OR INCOME OF ARKANSAS HOTELS AND ENTERTAINMENT, INC., DERIVED FROM OR USED IN CASINO GAMING WHICH ARE NOT LEVIED AGAINST BUSINESSES GENERALLY;
 7) ALLOWING A CASINO TO OPERATE ANY DAY FOR ANY PORTION OF THE DAY; *Page 3 
 8) ALLOWING THE SELLING OR FREE FURNISHING OF ALCOHOLIC BEVERAGES IN CASINOS DURING ALL HOURS THEY OPERATE BUT OTHERWISE REQUIRING ADHERENCE TO ALL ALCOHOLIC BEVERAGE CONTROL BOARD REGULATIONS;
 9) PERMITTING THE SHIPMENT OF GAMBLING DEVICES INTO AUTHORIZED COUNTIES FOR PURPOSES OF FEDERAL LAW;
 10) RENDERING THE PROVISIONS OF THE AMENDMENT SEVERABLE;
 11) DECLARING INAPPLICABLE ALL CONSTITUTIONAL PROVISIONS AND LAWS TO THE EXTENT THEY CONFLICT WITH THE AMENDMENT BUT DOES NOT OTHERWISE REPEAL, SUPERSEDE, AMEND OR OTHERWISE AFFECT AMENDMENTS 84 (BINGO) AND 87 (STATEWIDE LOTTERY) TO THE ARKANSAS CONSTITUTION.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view of the merits of the proposal. This Office has been given noauthority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d, 669 (2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119
(1996); and Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act. *Page 4 
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed amendment or act. See Arkansas Women'sPolitical Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277,285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that your proposed popular name is acceptable and is therefore approved as submitted. In my judgment, however, *Page 5 
minor changes in your ballot title are necessary to fully inform the voters of the effect of your measure. In this regard, I have stricken the word "to" from your introductory phrase and changed the word "authorize" to "authorizing" — a change intended to make each section grammatically parallel in its structure. I have corrected a typographical error in Item 5, changing the term "director" to "directed." I further slightly rewrote this provision in the interest of grammatical consistency. In Item 6, I changed the phrasing "which are not" to "except as." I further rewrote Item 11 to make it syntactically consistent. Given these changes, the following ballot title is hereby substituted and certified:
 Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION:
 1) AUTHORIZING SEVEN CASINO GAMING ESTABLISHMENTS, TO BE OWNED AND OPERATED BY "ARKANSAS HOTELS AND ENTERTAINMENT, INC." (A PRIVATE FOR-PROFIT CORPORATION), ONE EACH TO BE LOCATED IN SEBASTIAN, PULASKI, GARLAND, MILLER, CRITTENDEN, BOONE AND JEFFERSON COUNTIES; 2) PROHIBITING THE GENERAL ASSEMBLY AND ANY POLITICAL SUBDIVISION OF THE STATE FROM ENACTING ANY LEGISLATION, RULES OR REGULATIONS REGARDING CASINO GAMING; 3) PROHIBITING CASINO GAMING AT ANY OTHER THAN THE LOCATIONS OPERATED BY ARKANSAS HOTELS AND ENTERTAINMENT, INC.; 4) PROHIBITING PERSONS UNDER THE AGE OF 21 FROM PARTICIPATING IN CASINO GAMING; 5) REQUIRING THAT THE GROSS GAMING REVENUE (AS DEFINED) OF A CASINO SHALL BE SUBJECT TO THE GROSS RECEIPTS TAX LEVIED BY THE TAXING JURISDICTIONS WHERE A CASINO IS LOCATED AT THE SAME RATE AS FOR BUSINESSES GENERALLY, WITH THE TAX TO BE PAID TO THE STATE'S GENERAL REVENUE FUND ACCOUNT OF THE STATE APPORTIONMENT FUND. THE GENERAL ASSEMBLY IS DIRECTED TO APPORTION THESE TAX REVENUES IN AN ATTEMPT TO REDUCE OR ELIMINATE THE STATE'S GROSS RECEIPTS TAX ON FOOD PURCHASED IN A RETAIL FOOD STORE; 6) PROHIBITING ANY OTHER *Page 6 
STATE OR LOCAL TAXES, FEES OR ASSESSMENTS ON THE FURNITURE, FIXTURES, EQUIPMENT, PROPERTY, BUSINESS OPERATIONS, GROSS REVENUES, GROSS GAMING REVENUES, OR INCOME OF ARKANSAS HOTELS AND ENTERTAINMENT, INC., DERIVED FROM OR USED IN CASINO GAMING EXCEPT AS LEVIED AGAINST BUSINESSES GENERALLY; 7) ALLOWING A CASINO TO OPERATE ANY DAY FOR ANY PORTION OF THE DAY; 8) ALLOWING THE SELLING OR FREE FURNISHING OF ALCOHOLIC BEVERAGES IN CASINOS DURING ALL HOURS THEY OPERATE BUT OTHERWISE REQUIRING ADHERENCE TO ALL ALCOHOLIC BEVERAGE CONTROL BOARD REGULATIONS; 9) PERMITTING THE SHIPMENT OF GAMBLING DEVICES INTO AUTHORIZED COUNTIES FOR PURPOSES OF FEDERAL LAW; 10) RENDERING THE PROVISIONS OF THE AMENDMENT SEVERABLE; 11) DECLARING INAPPLICABLE ALL CONSTITUTIONAL PROVISIONS AND LAWS TO THE EXTENT THEY CONFLICT WITH THIS AMENDMENT BUT NOT OTHERWISE REPEALING, SUPERSEDING, AMENDING OR OTHERWISE AFFECTING AMENDMENTS 84 (BINGO) AND 87 (STATEWIDE LOTTERY) TO THE ARKANSAS CONSTITUTION.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:cyh
Enclosure
 *Page 1